Alex Asil Mashiri, Esq. (SBN 283798)
Alexashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff
DIEGO CASANOVA

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO CASANOVA ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| v. ) | |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS INC. ) | |
| ) | **[DEMAND FOR JURY TRIAL]** |
| Defendants. ) | |
| _____ ) | |

Plaintiff DIEGO CASANOVA alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit against EXPERIAN INFORMATION SOLUTIONS INC (hereinafter referred to as "EXPERIAN") for violations of the Fair Credit Reporting Act ("FCRA") and California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

3. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1681a(c) and

California Civil Code section 1785.3(b).

4. Plaintiff is informed and believes, and thereupon alleges, that Defendant EXPERIAN is, and at all times mentioned herein was, a limited liability company who was conducting and engaging in business in Murrieta, California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant EXPERIAN is a "consumer reporting agency" as defined under 15 U.S.C. section 1681a(f) and Civil Code section 1785.3(d).

6. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 15 U.S.C. section 1681 *et. seq.,* and 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

8. This action arises out of violations of the FCRA and CCRAA. Personal jurisdiction is established, because Defendant EXPERIAN does business within the State of California, City of Murrieta.

9. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

10. On May 4, 2016, Plaintiff sent, via certified mail, a written dispute notice to Defendant EXPERIAN, informing it that Plaintiff was disputing several accounts, including an account that did not belong to him. Plaintiff's dispute contained his full name, date of birth, address, and social security number.

11. The certified mail return receipt shows that Defendant EXPERIAN received Plaintiff's May 4, 2016 written dispute on May 10, 2016.

12. Sometime after May 17, 2016, Plaintiff received a letter from Defendant

EXPERIAN, accusing him of sending a fraudulent dispute. Defendant EXPERINA's letter stated in part the following: "We received a suspicious request in the mail regarding your personal credit report and determined that it was not sent by you." Defendant EXPERIAN stated that it would not be initiating any investigation, even though it was required to do so under the FCRA.

13. Because Defendant EXPERIAN received Plaintiff's written dispute on May 10, 2016, it had until June 10, 2016 to comply with its reasonable investigation requirements. Defendant EXPERIAN failed to do so.

## FIRST CAUSE OF ACTION
### (Violation of the FCRA against Defendant EQUIFAX)

14. Plaintiff re-alleges paragraphs 1 through 13, above, as if fully set forth herein.

15. Defendant EXPERIAN violated the FCRA by violating 15 U.S.C. section 1681i(a)(1)(A) when it failed to conduct an reasonable investigation after it was notified in writing by Plaintiff on May 4, 2016, via certified mail, that Plaintiff was disputing several accounts.

16. Defendant EXPERIAN also violated the FCRA by violating 15 U.S.C. section 1681i(a)(2) when it failed to notify the furnishers (persons who reported the accounts) of the dispute within 5 business days of receiving Plaintiff's notice of dispute, so that the furnisher could also conduct its own reasonable re-investigation of the accuracy of the reporting in response to the consumer's dispute.

17. Defendant EXPERIAN failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

18. Defendant EXPERIAN's failure to take the mandatory actions required by statute, deprived Plaintiff of the protections to which he is entitled by the FCRA.

In particular, Plaintiff has been deprived of his right to have Defendant EXPERIAN investigate his dispute and notify the furnishers of the dispute, including his right for the furnisher and Defendant EXPERIAN to conduct a reasonable re-investigation of the information subject to Plaintiff's dispute and to thereafter either modify, update, or delete the inaccurate information.

19. As a result of each and every violation of the FCRA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to his credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

20. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2).

21. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3).

## SECOND CAUSE OF ACTION
**(Violations of the CCRAA)**

22. Plaintiff re-alleges paragraphs 1 through 21, above, as if fully set forth herein.

23. Defendant EXPERIAN violated the CCRAA by violating Civil Code section 1785.16(a)-(b) when it failed to comply with the statutory requirements after it was notified in writing by Plaintiff on May 4, 2016, via certified mail, that Plaintiff was disputing the accounts.

24. Defendant EXPERIAN failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff and

failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

25. Defendant EXPERIAN's failure to take the mandatory actions required by statute, deprived Plaintiff of the protections to which he is entitled to by the CCRAA. In particular, Plaintiff has been deprived of his right to have Defendant EXPERIAN investigate his dispute and notify the furnishers of the dispute, including his right for the furnisher and Defendant EXPERIAN to conduct a reasonable re-investigation of the information subject to Plaintiff's dispute and to thereafter either modify, update, or delete the inaccurate information.

26. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to his credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

27. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.33(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

///
///
///
///
///
///
///
///
///

## **PRAYER FOR DAMAGES AND OTHER REMEDIES**

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED: May 8, 2017               **MASHIRI LAW FIRM**
                                 A Professional Corporation

                                 By: /s/ Alex Asil Mashiri
                                 Alex Asil Mashiri
                                 Attorney for Plaintiff,
                                 DIEGO CASANOVA

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939